RICHARD P. SYBERT   2085
rsybert@grsm.com
MIA D. OBCIANA         8424
mobciana@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
500 Ala Moana Blvd. Suite 7400
Honolulu, HI 96813
Telephone:  (808) 203-5207
Facsimile:  (808) 464-6535

Attorneys for Defendants
CHERRYROAD TECHNOLOGIES INC.,
JEREMY GULBAN, and
NICHOLAS VISCO

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| HO YIN "JASON" WONG,<br><br>Plaintiff,<br><br>vs.<br><br>CHERRYROAD TECHNOLOGIES INC.;<br>JEREMY GULBAN, individually;<br>NICHOLAS VISCO, individually,<br><br>Defendants. | CIVIL NO. 20-00066 DKW-RT<br><br>DEFENDANTS CHERRYROAD TECHNOLOGIES INC,, JEREMY GULBAN, AND NICHOLAS VISCO'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT, FILED JANUARY 22, 2020; MEMORANDUM IN SUPPORT OF MOTION; DECLARATION OF RICHARD P. SYBERT; DECLARATION OF JEREMY GULBAN; EXHIBITS "A" – "C"; CERTIFICATE OF SERVICE |

**DEFENDANTS CHERRYROAD TECHNOLOGIES INC., JEREMY GULBAN, AND NICHOLAS VISCO'S MOTION TO DISMISS PLAINTIFF HARALD JASS'S COMPLAINT, FILED JANUARY 22, 2020**

Defendants CherryRoad Technologies Inc. ("CT"), Jeremy Gulban ("Gulban"), and Nicholas Visco ("Visco") (collectively, "Defendants") respectfully requests this Court dismiss Plaintiff Harald Jass' ("Plaintiff") Complaint, filed January 22, 2020 ("Complaint"). Plaintiff's Complaint should be dismissed because he failed to state a claim upon which relief can be granted.

Plaintiff alleges CT breached a contract it was not a party to, alleges CT discriminated against him when it was not his employer, and seeks liability against individuals when the law is well-settled that there is no individual liability for employment actions.

This motion is brought pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure and is supported by the Memorandum in Support of Motion, the attached declaration, and the records of the case.

DATED:    Honolulu, Hawai'i, March 3, 2020.


_____/s/ Richard P. Sybert_____
RICHARD P. SYBERT
MIA D. OBCIANA

Attorneys for Defendants
CHERRYROAD TECHNOLOGIES, INC.,
JEREMY GULBAN, and
NICHOLAS VISCO

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................1

II.   RELEVANT BACKGROUND ...................................................2

III.  LEGAL STANDARD...........................................................6

IV.  ARGUMENT ....................................................................8

      A.     CT Cannot Be Held Liable for SMC's Actions..................................8

      B.     Plaintiff's Complaint Fails to Plead Viable Claims.............................9

           1.     Count 1 – Breach of Contract (Against CT).............................9

           2.     Count II – Violation of Haw. Rev. Stat. §378-62 (Against CT) ...............................................10

           3.     Count III – Violation of Haw. Rev. Stat. § 378-2 (Against CT) ...............................................12

           4.     Count IV – Violation of Haw. Rev. Stat. §378-1(a)(1)(A) (Against CT)...........................................................14

           5.     Count V – Civil Conspiracy (Against Gulban and Visco) .......14

V.    CONCLUSION ...........................................................16

# TABLE OF AUTHORITIES

## <u>STATUTES</u>

Haw. Rev. Stat. § 378-2(a)(1)(A)....................................................................5, 12, 14

Haw. Rev. Stat. § 378-62 ..............................................................................5, 10, 11

## <u>CASES</u>

### United States Supreme Court

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ..................................................................7, 9

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ......................................................7

*Clark Cty. Sch. Dist. v. Breeden,* 532 U.S. 268 (2001) ...........................................14

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).....................................13

### Federal Cases

<u>9th Circuit</u>

*Cordova v. State Farm Ins. Co.*, 124 F.3d 1145 (9th Cir. 1997).............................12

*Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018 (9th Cir. 2006)...............13

*Coszalter v. City of Salem*, 320 F.3d 968 (9th Cir. 2003) .......................................11

*E.E.O.C. v. Boeing Co.*, 577 F.3d 1044 (9th Cir. 2009)..........................................12

*EEOC v. Go Daddy Software, Inc.,* 581 F.3d 951 (9th Cir. 2009).........................14

*Keyser v. Sacramento City Unified Sch. Dist.*, 265 F.3d 741 (9th Cir. 2001).........11

*Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025 (9th Cir. 2008) .........7

*Miller v. Maxwell's International Inc.*, 991 F.2d 583 (9th Cir. 1993) ....................15

*Moss v. U.S. Secret Service*, 572 F.3d 962 (9th Cir. 2009).......................................8

*Noyes v. Kelly Servs.*, 488 F.3d 1163 (9th Cir. 2007) ..............................................13

*Sateriale v. R.J. Reynolds Tobacco Co.*, 697 F.3d 777 (9th Cir. 2012) ...................7


District of Hawaiʻi

*Black v. City and County of Honolulu*, 112 F.Supp.2d 1041 (D. Haw. 2000)........15

*Cambron v. Starwood Vacation Ownership, Inc.*, 945 F.Supp.2d 1133 (D. Haw. 2013)..........................................................................................................................8

*Nosie v. Association of Flight Attendants*, 722 F.Supp.2d 1181 (D. Haw. 2010)...16

*Rodenhurst v. Bank of America*, 773 F. Supp. 2d 886 (D. Haw. 2011) .................14

*Sherez v. Department of Education*, 396 F.Supp.2d 1136 (D. Haw. 2005) ............15

*U.S. ex rel. Lockyer v. Hawaii Pacific Health*, 490 F. Supp. 2d 1062 (D. Haw. 2007).................................................................................................................10, 11

*Velasco v. Sec. Nat'l Mortg. Co.*, 823 F.Supp.2d 1061 (D. Haw. 2011) .................8


**Hawaii Cases**

*Chung v. McCabe Hamilton & Renny Co.*, 109 Hawaiʻi 520 (2006) ....................15

*Crosby v. State Dept. of Budget & Fin.*, 76 Haw. 332 (1994) ...............................11

*Ellis v. Crockett*, 51 Haw. 45 (1969).....................................................................15

*Farmer v. Hickam Fed. Credit Union*, No. 27868, 2010 Haw. App. LEXIS 39, at
*45 (App. Feb. 2, 2010) ........................................................................... 15

*Lales v. Wholesale Motors Co.*, 133 Hawai'i 332 (Haw. 2014) ........................... 16

*Weinberg v. Mauch*, 78 Hawai'i 40 (1995) ............................................................ 14

## **RULES**

Fed. R. Civ. P. Rule 12(b)(6) ................................................................................. 7

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| HO YIN "JASON" WONG, | ) |
| | ) |
| Plaintiff, | ) CIVIL NO. 20-00066 DKW-RT |
| | ) |
| | ) **MEMORANDUM IN** |
| vs. | ) **SUPPORT OF MOTION** |
| | ) |
| CHERRYROAD TECHNOLOGIES INC.; | ) |
| JEREMY GULBAN, individually; | ) |
| NICHOLAS VISCO, individually, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

**MEMORANDUM IN SUPPORT OF MOTION**

## I.   INTRODUCTION

Plaintiff's Complaint should be dismissed because his Complaint fails to allege facts sufficient to state a claim against Defendants upon which relief can be granted. Plaintiff inexplicably does not name his employer with whom he had a contract, but instead a minority shareholder of his employer and individual employees of the minority shareholder. There is no theory of liability under which a third party, CT, could be held liable for breach of Plaintiff's employment contract. Even less viable is a claim that purports to hold a minority shareholder liable for the actions of its company. Likewise it is well-settled in both federal and Hawai'i cases that there is no liability against individuals under anti-discrimination

1

statutes and that there is no cause of action for civil conspiracy. None of Plaintiff's alleged causes of action could survive a motion to dismiss, even if granted leave to amend. Therefore, Plaintiff's Complaint should be dismissed with prejudice.

## II.    **RELEVANT BACKGROUND**

On May 1, 2019, Plaintiff executed an Employment Agreement with SMC ("Agreement"). The Agreement specifies that Plaintiff will be employed on a part-time basis for three years as SMC's Director of Governance & Information Systems ("DGIS"). The Agreement stated that Plaintiff would be employed on an "at-will" basis and he would be responsible for, *inter alia*, directing and managing Superb Management's governance activities; working with the Chief Executive Officer ("CEO") to implement and monitor departmental work programs; oversee the development and implementation of information governance policies and procedures; prevent and address potential risks to information technologies operations; and supervise employees and advise Superb Management in evaluating work, counseling, disciplining, and/or terminating or recommending termination of employees. See, Employment Agreement, Dated May 1, 2019, attached as Exhibit "B."

The Agreement between SMC and Plaintiff specified that Plaintiff could be terminated with or without cause. "Cause" is defined as: 1) Employee knowingly violating any law or regulation applicable to Superb Management; 2) Employee's

conviction of a felony; 3) fraud, dishonesty, or gross misconduct that is injurious to Superb Management; 4) any material breach of the Agreement; or 5) Employee's intentional and sustained disregard of Superb Management policy. See, Exhibit "B." Section 10 Termination of the Agreement states:

> (a)   <u>By Superb Management Without Cause or by Employee with Good Reason.</u> Superb Management may terminate Employee's employment hereunder without Cause at any time upon written notice to Employee. If Employee's employment is terminated by Superb Management without Cause or he resigns with Good Reason, Employee is entitled to receive the Base Salary he earns through the date of termination plus an amount equal to (i) the Base Salary remaining for the Fixed Term and (ii) the monthly payment Superb Management makes toward medical insurance on Employee's behalf multiplied by the number of months remaining in the Fixed Term (together the "Separation Amount"). In the event of termination by Superb Management without Cause, the Separation Amount will be paid in one lump sum within 60 days of the effective date of termination, upon executing a separation agreement and release in favor of Superb Management. In the event of resignation for Good Reason, the Separation Amount will be paid in equal monthly installments for the number of months remaining in the Fixed Term.

> (b)   <u>By Superb Management for Cuase or by Employee without Good Reason.</u> Employee's employment hereunder may be terminated by Superb Management at any time for Cause or Employee may resign without Good Reason at any time. If Employee's employment is terminated by Superb Management for Cause or Employee resigns without Good Reason, Employee is entitled to receive the Base Salary he earns through the effective date of termination.

Id.

In early June 2019, Plaintiff demanded SMC substantially increase his salary to approximately double. SMC began to negotiate in good faith with Plaintiff.

When SMC proposed an amendment to the Agreement, changing Plaintiff to a full-time employee and substantially increasing his salary, Plaintiff responded to SMC's proposal by demanding an exorbitant salary increase. When SMC refused, Plaintiff refused to perform any of the essential job duties listed in exhibit A of the Agreement. See, Exhibit B.

In about July 15, 2019, and in violation of SMC policy, SMC discovered that Plaintiff had been forwarding all of his work emails (that contained proprietary and confidential information) to a personal email account and deleting the emails from SMC-controlled servers. SMC ordered Plaintiff to stop forwarding his work emails and demanded the return all work emails to SMC's servers. SMC also ordered Plaintiff to delete any SMC emails from his personal email account. Plaintiff refused and continued to forward and delete emails.

SMC ordered Plaintiff again to stop deleting emails from SMC's server and return all work emails on September 19, 2019. Plaintiff again refused. Plaintiff then ordered other SMC employees and other employees to delete work emails from SMC-controlled servers and falsely told them if they restored any emails to SMC's server, the employee would be in violation of federal law and could face imprisonment of up to 20 years. When SMC executives questioned why he would falsely threaten employees, Plaintiff accused SMC's executives of violating the law.

Plaintiff filed his Complaint on January 22, 2020 alleging three counts: (1) breach of contract (against CT); (2) violation of Hawaiʻi's whistleblower protection act (against CT); (3) employment discrimination based on sexual orientation, religion, ancestry, and marital status; (4) violation of Haw. Rev. Stat. §378-2(a)(1)(A) (against CT); and (5) civil conspiracy (against Gulban and Visco). See, generally, Complaint, attached as Exhibit "C."

In support of Count I of the Complaint, Plaintiff alleges CT (again, not Plaintiff's employer) breached the Agreement "by stripping Plaintiff of his duties, essentially demoting him, and making it difficult if not impossible for Plaintiff to perform his job by removing all of his access in July 2019 to internal systems that other employees had." Id., ¶ 88. Additionally, Plaintiff claims CT breached the Agreement by terminating Plaintiff "for groundless reasons and without following the due process procedures required[.]" See, Complaint, ¶ 89.

Count II claims Plaintiff was wrongfully terminated in violation of Haw. Rev. Stat. § 378-62, the Hawaiʻi Whistleblower Protection Act, after reporting "violations or suspected violations of laws, rules, ordinances, regulations and/or contracts with the State of Hawaii[.]" See, Complaint, ¶ 94. Plaintiff claimed he "believed and reported to [CT] and government agencies that Defendants were interfering" with his ability to do his job by "prohibiting him from issuing a COBRA continuation notice" to his husband Jass. See, Complaint, ¶ 96.

Although facts are absent from his Complaint, Plaintiff claims to have "reported and complained about violations or potential violations of federal HIPPA laws and regulations." See, Complaint, ¶ 97.

Plaintiff complained in Count III that Plaintiff had been made "aware of derogatory statements Defendant Gulban had made regarding minority employees[.]" See, Complaint, ¶ 106. However, the Complaint is void of any statements Gulban allegedly made. Without any factual support or specific allegations, Plaintiff claims that "[s]imilarly-situated employees were not treated" similarly to himself. See, Complaint, ¶ 109.

In Count IV of the Complaint, Plaintiff alleges that he was discriminated against due to his race, sexual orientation, religion, national origin, and was retaliated against "for complaining that he was being treated worse than similarly-situated employees, including but not limited to his rate of pay." See, Complaint ¶ 115.

Count V of the Complaint alleges that Gulban and Visco "had an implicit or explicit agreement to silence, discredit, and threaten Plaintiff[,]" and "had an agreement, understanding, and specific intent to … force his termination." See, Complaint ¶ 121.

## III.  **LEGAL STANDARD**

The Court is empowered to dismiss claims where the plaintiff has failed to a

state a claim upon which relief can be granted. *See* Fed. R. Civ. P. Rule 12(b)(6). Upon a motion to dismiss for failure to state a claim, the court must construe all allegations in a light most favorable to the plaintiff. *Sateriale v. R.J. Reynolds Tobacco Co.*, 697 F.3d 777, 783 (9th Cir. 2012). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining whether a complaint states a plausible claim for relief, the complaint must demonstrate "more than a sheer probability that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In evaluating a motion to dismiss, while the court generally "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party[,]" *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008), but conclusory allegations, unsupported deductions of fact, and unreasonable inferences are insufficient to deny a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (legal conclusions are not subject to the construed-as-true/light-most-favorable tenet); see also *Bell Atlantic Corp. v. Twombly*, 550 U.S.

7

544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations …, a plaintiff's obligation to provide the 'grounds of his [or her] 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a case of action will not do." (internal citations omitted)). "[B]are assertions amounting to nothing more than a formulaic recitation of the elements of a claim are not entitled to an assumption of truth." *Velasco v. Sec. Nat'l Mortg. Co.*, 823 F.Supp.2d 1061, 1065 (D. Haw. 2011) (quoting *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009)) (internal quotation marks omitted).

## IV.   <u>ARGUMENT</u>

### A.   **CT Cannot Be Held Liable for SMC's Actions**

As a threshold matter, Plaintiff's Complaint as against CT should be dismissed with prejudice because CT was not Plaintiff's employer. The Complaint does not state a theory of liability for Plaintiff's claims against CT other than the vague allegation that SMC was "an entity controlled by" CT. Complaint, ¶ 13. Without more, Plaintiff "cannot possibly win relief" against CT. *See, Cambron v. Starwood Vacation Ownership, Inc.*, 945 F.Supp.2d 1133, 1146 (D. Haw. 2013).

Even with more, such an allegation would not suffice. Inexplicably, Plaintiff's Complaint seeks to hold CT, a minority shareholder, liable for the alleged actions by SMC. There are no facts, circumstances, law, or cases that

support such a theory of liability. More importantly, Plaintiff's husband Jass owns 92% of SMC, while CT only owns 8%.

**B.     Plaintiff's Complaint Fails To Plead Viable Claims**

Plaintiff's Complaint must be dismissed for failure to state a claim upon which relief may be granted.

**1.     Count I – Breach of Contract (Against CT)**

Count I, alleged against CT, claims CT breached the Agreement by terminating him without cause or notice. These allegations, even if true, must be dismissed because it is undisputable that the express language of the Agreement permitted SMC to terminate Plaintiff ***with or without cause***.

Here, Plaintiff fails entirely to allege factual allegations that support his claim. *See Iqbal*, 129 S.Ct. at 1949 (Rule 8 requires more than "the-defendant-unlawfully-harmed-me accusation[s]" and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.") In this case, Plaintiff's Complaint fails to identify CT as a party to the Agreement. Paragraph 13 of the Complaint claims "Plaintiff was hired…as Director of Governance & Information Systems by [SMC], an entity controlled by [CT]."  However, even if this were true – and it is not – this would be insufficient to assert a claim against CT because again, CT is only a minority owner of SMC.

**2.** **Count II – Violation of Haw. Rev. Stat. § 378-62 (Against CT)**

Count III alleges that CT violated the Hawai'i Whistleblowers'

Protection Act ("HWPA") because it terminated Plaintiff while he was engaged in

reporting "[a] violation or a suspected violation of a law, rule, ordinance, or

regulation[.]" Haw. Rev. Stat. § 378-62 states, in pertinent part:

> An employer shall not discharge, threaten, or otherwise discriminate
> against an employee regarding the employee's compensation, terms,
> conditions, location, or privileges of employment because:
>
> (1) The employee, or a person acting on behalf of the employee, reports
> or is about to report to the employer, or reports or is about to report to
> a public body, verbally or in writing, a violation or suspected violation
> of:
>
> (A) A law, rule, ordinance, or regulation, adopted pursuant to law of
> this State, a political subdivision of this State, or the United States; or
>
> (B) A contract executed by the State, a political subdivision of the State,
> or the United States[.]

Haw. Rev. Stat. § 378-62.

While not explicitly stated in the statute, the Hawai'i Supreme Court

recognizes three elements to a claim under HWPA: (1) the employee engaged in

protected conduct; (2) the employer took adverse action against the employee; and

(3) there was "a causal connection between the alleged retaliation and the

'whistleblowing.'" *Crosby v. State Dept. of Budget & Fin.*, 76 Hawai'i 332, 342

(1994), *cert. denied*, 513 U.S. 1081, 115 S. Ct. 731, 130 L.Ed.2d 635 (1995); *see*

*also U.S. ex rel. Lockyer v. Hawaii Pacific Health*, 490 F.Supp.2d 1062, 1087 (D.

Haw. 2007).

In this case, Plaintiff's Complaint fails to provide any evidence beyond his bare allegations to support his claim that he was terminated due to his participation in protected conduct. To establish that an employee's protected conduct was a "substantial or motivating factor" in the decision to terminate him, "a plaintiff can introduce evidence regarding the 'proximity in time between the protected action and the allegedly retaliatory employment decision', from which a 'jury logically could infer [that the plaintiff] was terminated in retaliation[.];'" *Coszalter v. City of Salem*, 320 F.3d 968, 977 (9th Cir. 2003) (quoting *Keyser v. Sacramento City Unified Sch. Dist.*, 265 F.3d 741, 751 (9th Cir. 2001)).

This standard is not met here. The Complaint alleges, *inter alia*:

35. Prior to his termination Plaintiff complained directly to [CT], Gulban, and Visco, regarding business practices, which Plaintiff believed violated law, regulations, statutes, and/or contracts with the State of Hawaii.

Exhibit C, ¶ 35.

Liability pursuant to Haw. Rev. Stat. §378-62 "requires a causal connection to be established between the alleged retaliation and the whistleblowing." *US ex rel. Lockyer v. Hawaii Pacific Health*, 490 F. Supp. 2d at 1087 (citing *Crosby v. State of Hawaii Dep't of Budget & Finance*, 76 Hawaii 332, 342 876 P.2d 1300, 1310 (Haw. 1994)). Plaintiff's Complaint is entirely void of any specific allegations that establish any connection, much less a causal connection, between

11

Plaintiff's vague reference to reporting possible violations of law and his termination. However, even if the Complaint contained even the minimum facts or specific allegations required, it fails to claim that Defendants knew of his "protected activity." Plaintiff only recites the language in the statute in his allegations. The Complaint does not specifically identify what law, rule, ordinance, regulations, or contracts were being violated, nor does it identify the business practice that violated said law, rule, ordinance, regulation, or contract.

### 3.   Count III – Violation of Haw. Rev. Stat. §378-2(a)(1)(A) (Against Defendant CT)

Count III alleges that CT violated the Haw. Rev. Stat. §378-2(a)(1)(A) in that it terminated him "or otherwise discriminate[d] against [Plaintiff] in compensation or in the terms, conditions, or privileges of employment":

Because of race, sex including gender identity or expression, sexual orientation, age, religion, color, ancestry, disability, marital status, arrest and court record, reproductive health decision, or domestic or sexual violence victim status…

Haw. Rev. Stat. §378-2(a)(1)(A).

In discrimination cases, Plaintiff has the initial burden to establish his prima facie case. *E.E.O.C. v. Boeing Co.*, 577 F.3d 1044, 1049 (9th Cir. 2009). "The requisite degree of proof necessary to establish a prima facie case for Title VII … on summary judgment is minimal and does not even need to rise to the level of a preponderance of the evidence." *Cordova v. State Farm Ins. Co.*, 124 F.3d 1145,

1148 (9th Cir. 1997) (citation omitted).

> A prima facie case is established where the Plaintiff offers proof that:

> (1) he belongs to a protected class; (2) he performed his job adequately or satisfactorily; (3) he suffered an adverse employment action; and (4) other similarly situated employees who do not belong to the same protected class were treated differently.

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006); *Noyes v. Kelly Servs.*, 488 F.3d 1163, 1168 (9th Cir. 2007).

Even when viewing the facts in a light most favorable to Plaintiff, the cause of action fails. Plaintiff does not allege any discriminatory statements or actions by Defendants that demonstrates that he suffered any harassment or discrimination. Plaintiff also fails to allege any facts to establish that he performed his job satisfactorily. In fact, he alleges that he refused to perform functions that were asked of him on the grounds that it "did not fit within the more modest description of his job responsibilities[.]" See Complaint, ¶ 44.  Similarly, Plaintiff's complaint offers no evidence or facts that support the claim that other similarly situated employees who do not belong to the protected class were treated differently. Again, Plaintiff makes only the conclusory allegation that similarly situated employees were treated differently without providing any examples, names, or additional facts. See Complaint ¶¶ 46, 53, 54, 55, 70, 84, 100, 108, 109, 115, and 117.

Further, "[i]f a person has been subjected to only an isolated incident, a complaint about that incident does not constitute protected activity unless a reasonable person would believe that the isolated incident violated Title VII [or HRS § 378-2]. This reasonable person determination requires `[l]ooking at all the circumstances, including the frequency of the discriminatory conduct [] [and] its severity.'" *EEOC v. Go Daddy Software, Inc.,* 581 F.3d 951, 964 (9th Cir. 2009) (quoting *Clark Cty. Sch. Dist. v. Breeden,* 532 U.S. 268, 270-71 (2001)) (first alteration added). Plaintiff's vague and isolated allegations of discriminatory actions do not even infer "the mere possibility of misconduct."

Plaintiff's Complaint points to one instance, his initial meeting with CT's Senior Vice President Charles Deskins ("Deskins") where he claims Deskins asked inappropriate questions. See, Complaint ¶ 38.

### 4.    Count IV – Violation of Haw. Rev. Stat. §378-1(a)(1)(A) (Against CT)

Count IV of Plaintiff's Complaint is duplicative of Count III and should be dismissed.

### 5.    Count V – Civil Conspiracy (Against Gulban and Visco)

Plaintiff makes a claim of civil conspiracy against Gulban and Visco in their individual capacities. Hawai'i does not recognize a cause of action for "civil conspiracy" or "aiding and abetting." *See, Rodenhurst v. Bank of America*, 773 F. Supp. 2d 886 (D. Haw. 2011). These theories of liability are merely derivative of

other wrongdoing, *see e.g., Weinberg v. Mauch*, 78 Hawaiʻi 40, 49 (1995); *Chung v. McCabe Hamilton & Renny Co.*, 109 Hawaiʻi 520, 530 (2006), due to Plaintiff's failure to allege any other cause of action against Gulban and Visco, Count III must be dismissed.

"[I]t is clear that there can be no civil claim based upon a conspiracy alone." *Ellis v. Crockett*, 51 Haw. 45, 57, 451 P.2d 814, 822 (1969). "For a civil conspiracy claim to be valid, an underlying tort must be shown." *Farmer v. Hickam Fed. Credit Union*, No. 27868, 2010 Haw. App. LEXIS 39, at *45 (App. Feb. 2, 2010). Here, however, Plaintiff merely alleges a standing-alone civil conspiracy claim against two individual defendants and does not allege any underlying tort against them. Because a claim of civil conspiracy cannot stand by itself, for this reason alone, this claim fails as a matter of law and should be dismissed.

Even construing Plaintiff's complaint liberally and considering retaliation and discrimination as the underlying tort claim to support a conspiracy cause of action against Gulban and Visco, Count III must still be dismissed. It is well-established that there is no individual liability for an employee of an employer. *Lales v. Wholesale Motors Co.*, 133 Hawaiʻi 332, 344-45, 328 P.3d 341, 353-54 (Haw. 2014); *Miller v. Maxwell's International Inc.*, 991 F.2d 583, 587 (9th Cir. 1993); *Sherez v. Department of Education*, 396 F.Supp.2d 1136, 1148 (D. Haw. 2005); *Black v. City and County of Honolulu*, 112 F.Supp.2d 1041, 1048 (D. Haw. 2000);

*Nosie v. Association of Flight Attendants*, 722 F.Supp.2d 1181, 1197 (D. Haw. 2010). The court in *Lales* specifically held an employee was not subject to individual liability under a state retaliation claim. *Id.* This principle is so enshrined in law that it is surprising that Plaintiff would name Gulban and Visco individually. Thus, Count III against Gulban and Visco must be dismissed with prejudice.

## IV.   <u>CONCLUSION</u>

Based on the foregoing, Defendants respectfully request that the Court grant the Motion and dismiss Plaintiff's Complaint in its entirety with prejudice.

DATED:     Honolulu, Hawaiʻi, March 3, 2020.


_____/s/ Richard P. Sybert_____
RICHARD P. SYBERT
MIA D. OBCIANA

Attorneys for Defendants
CHERRYROAD TECHNOLOGIES INC.,
JEREMY GULBAN, and
NICHOLAS VISCO