IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| HO YIN JASON WONG,<br><br>      Plaintiff,<br><br>  v.<br><br>CHERRYROAD TECHNOLOGIES INC., *et al.*,<br><br>      Defendants. | Case No. 20-cv-00066-DKW-RT<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS** |

On February 7, 2020, Defendants removed this action from State court. Twenty-five days later, Defendants moved to dismiss the Complaint on various grounds. However, as Plaintiff points out in his opposition to the same, pursuant to Federal Rule of Civil Procedure 81(c), Defendants moved to dismiss beyond the time period permitted. Moreover, Defendants provide no reply to this well-taken argument. Therefore, as set forth below, the motion to dismiss, Dkt. No. 6, is DENIED.

Pursuant to Rule 81(c), when an action is removed from State court, as occurred here, a defendant who did not answer before removal must answer or present other defenses within the longer of (A) 21 days after receiving a copy of the initial pleading, (B) 21 days after being served the summons for an initial

pleading, or (C) 7 days after filing the notice of removal.   Fed.R.Civ.P. 81(c)(2).

Here, Defendants have not filed an answer to the Complaint and they presented

their defenses to the Complaint, by way of their motion to dismiss, 25 days after

removal of this action from State court.   Therefore, none of the time periods set

forth in Rule 81(c) have been met.[1]   Moreover, in their reply, Defendants do not

mention this issue at all, let alone provide an explanation for why their motion to

dismiss was filed in an untimely fashion.   *See generally* Dkt. No. 15.   As such,

based upon Plaintiff's assertions in this regard and the undisputed record before the

Court, the motion to dismiss is DENIED as untimely under Rule 81(c).   *See Parks*

*v. All Victory Van Lines, Inc.*, 2006 WL 8434721, at *1-2 (C.D. Cal. Mar. 27,

2006) (denying as untimely under Rule 81(c) the defendants' motion to dismiss);

*cf. Dobeck v. Cobra Engineering, Inc.*, 2017 WL 5495152, at *1-2 (C.D. Cal.

---

[1]The Court notes that the record is somewhat cloudy with respect to service of summons on the Defendants, however, this is largely because Defendants failed to comply with Section 1446(a) by filing "a copy of all process, pleadings, and orders" served upon the Defendants together with their notice of removal.   *See* 28 U.S.C. § 1446(a).   In fact, the notice of removal is noticeable for the complete lack of any attached documents from the State proceeding.   *See* Dkt. No. 1.   In any event, in the notice of removal, Defendants acknowledge that they were served and their removal, on February 7, 2020, was made within 30 days of the same.   *Id*. at ¶ 4.   Even if the Court were to assume that service took place on February 6, or even February 7, 2020, the motion to dismiss would still be untimely under Rule 81(c).

Feb. 27, 2017) (denying as untimely under Rule 12 a plaintiff's motion to dismiss counterclaims).[2]

Pursuant to Federal Rule of Civil Procedure 12(a)(4), Defendants may have fourteen (14) days from entry of this Order to file an answer to the Complaint.   In addition, within seven (7) days of entry of this Order, Defendants must file "a copy of all process, pleadings, and orders" served upon them in the State court prior to removal, pursuant to Section 1446(a).

IT IS SO ORDERED.

Dated: May 13, 2020 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge

---

*Ho Yin Jason Wong v. Cherryroad Technologies Inc, et al.*;
CV 20-00066 DKW-RT; **ORDER DENYING DEFENDANTS' MOTION TO DISMISS**

---

[2]The Court reminds *counsel* for both sides of this action that they are also counsel in another case before the undersigned involving the exact same Defendants as here.   In that case, *Jass v. CherryRoad Technologies Inc., et al.*, Case No. 19-cv-00609-DKW-RT, this Court has already extensively addressed many of the same issues presented in the instant motion to dismiss.   *See id.*, 3/27/20 Order, Dkt. No. 13.   The Court, therefore, expects the parties' counsel in this case going forward to take into account the Court's findings in *Jass*.