IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| HO YIN JASON WONG,<br><br>    Plaintiff,<br><br>    v.<br><br>CHERRYROAD TECHNOLOGIES INC., *et al.*,<br><br>    Defendants. | Case No. 20-cv-00066-DKW-RT<br><br>**ORDER DENYING MOTION TO INTERVENE** |

Proposed intervenor Superb Management Corporation (SMC) moves to intervene in this case, arguing that it has a right to defend against Plaintiff Ho Yin Jason Wong's claims, even though no such claims have been asserted against SMC, and to bring state-law claims against Wong, even though SMC admits that it is a resident of the same state (Hawaiʻi) as Wong.   The Court disagrees with SMC.  First, SMC has no right to intervene here because disposition of this case would not impair SMC's ability to protect any purported interest it may have.   Second, SMC is not entitled to permissive intervention because this Court has no independent basis for jurisdiction over SMC's proposed claims.   The motion to intervene is DENIED, as set forth herein.

## RELEVANT PROCEDURAL BACKGROUND

On January 22, 2020, Wong initiated this action against Defendants CherryRoad Technologies Inc. (CRT), Jeremy Gulban, and Nicholas Visco, asserting the following claims: (1) breach of contract against CRT; (2) violation of Hawai'i Revised Statutes (HRS) Section 378-62 against CRT; (3) violation of HRS Section 378-2(a)(1)(A) against CRT; (4) violation of HRS Section 378-2(a)(2) against CRT;[1] and (5) civil conspiracy against Gulban and Visco.[2][3]

On May 27, 2020, Defendants filed an Answer to the Complaint and Counterclaims against Plaintiff. Dkt. No. 18. In their Counterclaims, Defendants asserted the following claims against Plaintiff: (1) conversion; (2) fraudulent concealment; (3) defamation; (4) breach of contract; (5) breach of good faith and fair dealing; (6) unjust enrichment; and (7) civil conspiracy.[4]

---

[1] The heading for Claim Four states that it concerns a violation of HRS Section 378-2(a)(1)(A) against CRT. Dkt. No. 17 at 27. The provision quoted thereunder, however, is HRS Section 378-2(a)(2). *Id*. at 27 (¶ 113). Given that Claim *Three* concerns a violation of HRS Section 378-2(a)(1)(A), the Court assumes that Claim *Four* concerns a violation of HRS Section 378-2(a)(2) and any citation to the contrary was in error.

[2] Plaintiff's Complaint was filed in State court. On February 7, 2020, Defendants removed the same to federal court, but without filing a copy of the Complaint. Dkt. No. 1. After being instructed to comply with its removal responsibilities, Dkt. No. 16 at 3, Defendants filed a series of documents as one docket entry, Dkt. No. 17. Because the Complaint was not filed as a separate, distinct docket entry, in citing to the same, the Court uses the page numbers assigned by CM/ECF at the top of each page, such as Page 1 of 56.

[3] On May 13, 2020, the Court denied Defendants' motion to dismiss on procedural grounds. Dkt. No. 16.

[4] All of the above-mentioned claims are asserted by CRT against Plaintiff, except for the claim of defamation, which is asserted by Gulban and Visco.

On September 11, 2020, SMC moved to intervene in this case pursuant to Federal Rule of Civil Procedure 24 (Rule 24). Dkt. No. 25. Wong opposed the motion to intervene, Dkt. No. 32, to which SMC replied, Dkt. No. 35. Subsequently, because SMC failed to comply with Rule 24(c) by filing a proposed pleading in intervention, the Court ordered such a pleading to be filed and provided Wong leave to respond to the same. Dkt. No. 36. On October 22, 2020, SMC filed a proposed answer to Plaintiff's Complaint and a proposed complaint in intervention. Dkt. No. 38. In its proposed complaint in intervention, SMC asserts the following claims against Plaintiff: (1) conversion; (2) fraudulent concealment; (3) breach of contract; (4) breach of good faith and fair dealing; (5) unjust enrichment; and (6) civil conspiracy.[5] Wong has filed a response to the proposed intervenor complaint. Dkt. No. 39.

This Order now follows.

## **LEGAL STANDARD**

Pursuant to Rule 24, a person may move to intervene in a case under certain circumstances. Under Rule 24(a), upon timely motion, a person *must* be allowed to intervene if either (1) a federal statute gives an unconditional right to intervene,

---

[5] Although it is arguably unclear, the proposed civil conspiracy claim only appears to be asserted against one alleged conspirator, Plaintiff. In other words, the claim does not appear to be asserted against the other alleged conspirator, Haralds Jass.

or (2) the person "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  Under Rule 24(b), upon timely motion, a person *may* be allowed to intervene if either (1) a federal statute gives a conditional right to intervene, or (2) the person "has a claim or defense that shares with the main action a common question of law or fact."[6]

## DISCUSSION

### 1. Intervention as of Right

In order to intervene as of right, (1) the motion must be timely, (2) the movant must have a "significantly protectable" interest relating to the property or transaction that is the subject of the case, (3) disposition of the case may impair or impede the movant's ability to protect his or her interest, and (4) the movant's interest must be inadequately represented by the existing parties.  *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 836 (9th Cir. 1996).

In the motion to intervene, SMC identifies Wong's employment agreement as a protectable interest relating to the subject of this case.  Dkt. No. 25 at 5.

---

[6]As the Court reads the motion to intervene, SMC does not contend that a federal statute provides either an unconditional or conditional right to intervene in this case.  Therefore, the Court does not further address those matters herein.

SMC argues that disposition of this case will impair its interest in the employment agreement because it is a party to the agreement, "will be responsible" to Wong should he prevail on his claims, and could be "potentially liable" to CRT for contribution or indemnification.  *Id*.  SMC also asserts that there is a "risk" it would be bound by principles of collateral estoppel or res judicata related to factual findings in this case.  *Id*. at 6.

The Court disagrees that SMC has a significantly protectable interest that may be impaired by the disposition of this case.  As an initial matter, the Court agrees with SMC to the extent that there is a matter in this case in which it has an interest and that is involved in at least one of Plaintiff's claims.  More specifically, it is undisputed that SMC is a party to the employment agreement and one of Wong's claims is for breach of the same agreement.  *See* Dkt. No. 17 at 10-11, 22-23 (¶¶ 13, 25, 85-91).  The Court disagrees, however, with SMC in most other respects.

In particular, the Court disagrees that SMC's interest in the employment agreement might be impaired by any disposition in this case.  The principal reason is that SMC's interest in the employment agreement is not being litigated here. Notably, despite having the opportunity to do so in this action, neither Plaintiff nor the Defendants have attempted to bring claims against SMC.  Rather, for whatever

reasons the parties may have, Plaintiff and Defendants have noticeably gone out of their ways to <u>not</u> bring claims against SMC.  Thus, contrary to SMC's unexplained assertions, the Court simply fails to comprehend how SMC could be *liable* to CRT for contribution or indemnification or how SMC could be *responsible* for damages to Plaintiff.  SMC also asserts that there is a "risk" it could be bound by preclusion principles with respect to findings of fact in this case.  Dkt. No. 25 at 6.  However, again, SMC provides no explanation for this assertion, including no explanation for why it would be bound when it is not a party to any claim or issue in this case.  *See id.*; Dkt. No. 35 at 5.

As a result, the Court finds that SMC has no right to intervene here pursuant to Rule 24(a).[7]

## 2. <u>Permissive Intervention</u>

Turning to Rule 24(b), a court may grant intervention where the movant shows (1) independent grounds for jurisdiction, (2) the motion is timely, and (3) the movant's claim or defense has a common question of law or fact with the underlying case.  *Glickman*, 82 F.3d at 839.

---

[7]The Court adds that SMC also fails to provide any meaningful explanation for why its interest in this case is not adequately represented.  Instead, in the motion to intervene, SMC merely baldly asserts that the present parties do not adequately represent it.  *See* Dkt. No. 25 at 7.  In its reply, SMC repeats that Defendants could seek indemnity from SMC, but, again, fails to explain why Defendants would be able to seek indemnity from SMC or why SMC would not be able to contest its liability.  *See* Dkt. No. 35 at 6.

Here, SMC's proposed permissive intervention fails at the jurisdictional hurdle. In the motion to intervene, SMC asserts that this Court has jurisdiction over its claims "for the same reason it does over Plaintiff's and the existing Defendants' since all arise under the same Employment Agreement." Dkt. No. 25 at 7. However, the Court has jurisdiction over this case solely on the basis of diversity jurisdiction, given that all of Plaintiff's claims arise under state law, and Plaintiff and Defendants are residents of different states. *See* Dkt. No. 17 at 9 (¶¶ 1-5), 22-29 (¶¶ 85-129); Dkt. No. 18 at ¶ 5.[8] And, as SMC acknowledges in its proposed complaint, it is a non-diverse party. *See* Dkt. No. 38 at 16 (¶ 6). Thus, contrary to any suggestion from SMC, the Court cannot have an *independent* basis for diversity jurisdiction over its claims. *See Bautista v. Pan Am. World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987) (explaining that an "essential element[]" of diversity jurisdiction is "the diverse residence of all parties") (quotations omitted).

---

[8]Repeatedly in this case, CRT and SMC have asserted that Plaintiff's Complaint raises a federal question. *See* Dkt. No. 1 at ¶ 6; Dkt. No. 38 at ¶ 6. That, however, is wrong. No claim in the Complaint is raised under federal law, including under Title VII of the Civil Rights Act of 1964, as CRT asserted in the notice of removal. While CRT and SMC appear to have wished that Plaintiff raised a claim under federal law, put simply, Plaintiff is the master of his Complaint, and there is no such claim here. *See Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) ("Thus, the plaintiff is the master of his complaint and may avoid federal jurisdiction by relying exclusively on state law.") (quotations omitted). Therefore, the only basis for subject matter jurisdiction in this case is diversity jurisdiction.

In its proposed complaint, apart from acknowledging that it is "non-diverse[,]" SMC also states that it is "non-indispensable." Dkt. No. 38 at 16 (¶ 6). Although SMC provides no explanation or support for this statement in any of its briefing, presumably SMC means to implicate the Ninth Circuit's statement in *Mattel, Inc. v. Bryant*, 446 F.3d 1011, 1013 (9th Cir. 2006), that "[i]ntervention destroys diversity if the intervening party is indispensable." However, subsequently, in a situation involving permissive intervention such as this,[9] the Ninth Circuit has explained that the need for an independent basis for jurisdiction "manifests itself most concretely in diversity cases where proposed intervenors seek to use permissive intervention to gain a federal forum for state-law claims over which the district court would not, otherwise, have jurisdiction." *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011). That is precisely what SMC hopes to do here−gain a federal forum for its state-law claims over which this Court would not, otherwise, have jurisdiction. Therefore, the Court follows the direction of *Freedom from Religion* and finds the lack of an independent jurisdictional basis over SMC's proposed claims prevents permissive intervention.

---

[9] *Mattel* did not involve permissive intervention. *See Mattel, Inc. v. Bryant*, 441 F. Supp. 2d 1081, 1094-95 (C.D. Cal. 2005) (explaining that the intervening party intervened as of right under Rule 24(a)(2)).

## **CONCLUSION**

For the reasons set forth herein, the motion to intervene, Dkt. No. 25, is DENIED.

IT IS SO ORDERED.

Dated: November 24, 2020 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge

---

Ho Yin Jason Wong v. Cherryroad Technologies Inc, et al; Civil No. 20-00066 DKW-RT; **ORDER DENYING MOTION TO INTERVENE**